## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ISHMEL COHEN,                                        :        Civil No. 3:15-cv-285
                                                     :
        Petitioner                          :        (Judge Mariani)
                                                     :
        v.                                  :
                                                     :
CAPTAIN S. SPAULDING, WARDEN,[1]    :
                                                     :
        Respondent                          :

### MEMORANDUM

On February 10, 2015, Petitioner Ishmel Cohen ("Cohen") filed a petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons' ("BOP")

calculation of his federal sentence. (Doc. 1). Specifically, he asserts that he is entitled to

prior custody credit for the period from April 8, 2008 through February 4, 2009. At the time

his petition was filed, Cohen was confined at the Federal Correctional Institution, Allenwood,

Pennsylvania ("FCI-Allenwood").[2] The petition is ripe for disposition and, for the reasons set

forth below, the petition will be denied.

### I.  Background

Cohen was in the custody of Nassau County, New York law enforcement from April

---

[1]     Pursuant to 28 U.S.C. § 2243, the proper respondent in a habeas action is "the person having custody of the person detained." Therefore, Captain S. Spaulding, Warden of FCI-Allenwood, is the only proper respondent in this action. The United States of America will be dismissed as a party to this action.

[2]     In an effort to ascertain the custodial status of Cohen, the Court accessed the Bureau of Prisons online inmate locator, which revealed that Cohen is currently housed at a Residential Reentry Center. *See* https://www.bop.gov/inmateloc/.

8, 2008 to February 4, 2009, on an arrest for a weapons offense.  (Doc. 6-1, p. 5, ¶ 8,

Declaration of Dawn L. Giddings, BOP Correctional Management Specialist at the

Designation and Sentence Computation Center, Grant Prairie, Texas).  This charge was

later dismissed.  (Id.).

On March 4, 2011, the Federal Bureau of Investigation arrested Cohen and placed

him into the custody of the United States Marshal Service ("USMS") on charges of

conspiracy to distribute and possess with intent to distribute cocaine base.  (Doc. 6-1,

Giddings Decl., p. 4, ¶ 5; Doc. 6-1, p. 8, USMS Individual Custody and Detention Report).

On August 24, 2012, Cohen was sentenced in the United States District Court for the

Eastern District of New York to a 78-month term of imprisonment for conspiracy to distribute

and possession with intent to distribute 28 grams or more of cocaine base.  (Doc. 6-1,

pp.11-16, Judgment in a Criminal Case).  The Judgment in a Criminal Case provides that

the offense conduct ended on June 30, 2010.  (Id.).

Dawn Giddings, BOP Correctional Management Specialist at the Designation and

Sentence Computation Center, audited Cohen's sentence calculation and certified that his

sentence calculation was correct.  (Doc. 6-1, Giddings Decl., pp. 3-4, ¶¶ 2, 4).  Based on

the 78-month term of imprisonment, Giddings calculated Cohen's sentence as commencing

on August 24, 2012, the date he was sentenced in the Eastern District of New York.  (Id. at

¶ 7; Doc. 6-1, p. 21, Public Information Inmate Data).  Cohen received prior custody credit

from March 4, 2011, the day he was placed into USMS custody, through August 23, 2012, the day before his federal sentence was imposed.  (Doc. 6-1, Giddings Decl., p. 5, ¶ 7; Doc. 6-1, p. 21, Public Information Inmate Data).  Cohen received a total of 539 days of prior custody credit.  (*Id.*).  Cohen's projected release date is December 5, 2016, via good conduct time.  (*Id.*).

## II.   Discussion

Cohen challenges the BOP's sentence calculation and contends that he is entitled to additional credit against his federal sentence for time he served in state custody from April 8, 2008 through February 4, 2009.  (Doc. 1).  Respondent counters that Cohen's sentence calculation was correct.  (Doc. 6, pp. 4-9).

The Attorney General is responsible for computing federal sentences, *see* 18 U.S.C. § 3585; *United States v. Wilson*, 503 U.S. 329, 333 (1992); *Armstrong v. Grondolsky*, 341 F. App'x 828 (3d Cir. 2009), and has delegated that authority to the BOP under 28 C.F.R. § 0.96.  Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination.  First, the date on which the federal sentence commences and, second, the extent to which credit may be awarded for time spent in custody prior to commencement of the sentence ("prior custody credit").

### A.   Commencement of Sentence

The BOP generally determines the date upon which a federal sentence commences.

3

*See, e.g., Goodman v. Grondolsky*, 427 F. App'x 81, 82 (3d Cir. 2011) ("In calculating a federal sentence, the BOP first determines when the sentence commenced and then determines whether the prisoner is entitled to any credits toward his sentence."). A federal sentence cannot commence earlier than the date on which it was imposed. *Rashid v. Quintana*, 372 F. App'x 260, 262 (3d Cir. 2010), *citing*, *United States v. Labeille-Soto*, 163 F.3d 93, 98 (2d Cir. 1998); *see also* BOP Program Statement 5880.28, Chapt. 1, pp. 12-13.

Section 3585 of Title 18 of the United States Code provides, in part:

(a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).

Cohen's federal sentence commenced on August 24, 2012, the date it was imposed by the United States District Court for the Eastern District of New York.

## B.    Prior Custody Credit

Section 3585(b) of Title 18 of the United States Code provides:

(b) Credit for prior custody. - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

4

that has not been credited against another sentence.

18 U.S.C. § 3585(b). Thus, under § 3585(b), prior custody credit cannot be granted if the prisoner has received credit toward another sentence. The Supreme Court has made clear a defendant cannot receive a "double credit" for his detention time. *Wilson*, 503 U.S. at 337.

Cohen received prior custody credit toward his federal sentence from March 4, 2011, the day he was placed into USMS custody, through August 23, 2012, the day before he was sentenced in federal court. Thus, Cohen received a total of 539 days of prior custody credit. Cohen now seeks additional prior custody credit from April 8, 2008, the day he was taken into custody by Nassau County, New York on an unrelated weapons offense, through February 4, 2009, the day he was released from the custody of Nassau County, New York. Pursuant to 18 U.S.C. § 3585(b), Cohen is prohibited from receiving prior custody credit for this time in New York custody because it pertains to an unrelated offense that occurred before the commission of Cohen's federal offense. Section 3585(b) directs that prior custody credit is limited to time served in official detention prior to the commencement of the federal sentence either "as a result of the offense for which the sentence was imposed" or "as a result of any other charge for which the defendant was arrested after the commission of the offense." 18 U.S.C. § 3585(b). Accordingly, the time that Cohen spent in the custody of Nassau County, New York on an unrelated weapons offense, prior to the commission of

the federal offense, does not qualify as federal prior custody credit.

## III.   **Conclusion**

For the reasons set forth above, the Bureau of Prisons correctly calculated Cohen's

sentence.  Accordingly, the habeas petition will be denied.

An appropriate Order shall issue.

Dated: October ____, 2016

Robert D. Mariani
United States District Judge

6